IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY TYSON,                          )
                                        )
        Petitioner,                     )
                                        )
v.                                      )   CASE NO. 3:17-CV-719-WKW
                                        )
JEFFERSON S. DUNN, Comm'r,              )
Alabama Department of Corrections,      )
                                        )
        Respondent.                     )

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

On October 20, 2017, Petitioner Anthony Tyson, a death-sentenced inmate in

the custody of the Alabama Department of Corrections, filed this habeas corpus

petition pursuant to 28 U.S.C. § 2254.  He challenges his conviction in the Macon

County Circuit Court for the capital murders of Derek Cowan and Damien

Thompson in 1997, and the death sentence he received in 1998.[1]  (Doc. # 1.)  Tyson

---

[1] Prior to filing this action, Tyson petitioned the Alabama Supreme Court for a writ of
certiorari after the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 Petition
he filed in the trial court for post-conviction relief.  Tyson's certiorari petition to the Alabama
Supreme Court was still pending when he filed the present action.  Tyson "protectively filed" his
federal habeas petition to ensure its timely filing because (1) the one-year limitations period he
had in which to file a timely petition would expire in four days if the Alabama Supreme Court
were to deny his certiorari petition, and (2) he might not learn of any adverse decision in time to
file a federal habeas petition within the time remaining on the limitations period.  *See Pace v.
DiGuglielmo*, 544 U. S. 408, 416 (2005).  Upon Tyson's motion, the court held this action in
abeyance pending the Alabama Supreme Court's decision on his certiorari petition.  (Doc. # 7.)
After the Alabama Supreme Court denied Tyson's certiorari petition on December 15, 2017, the
court lifted the stay of this action.  (Doc. # 11.)

claims that his conviction and death sentence were obtained in violation of his rights under the United States Constitution.

In his original petition, Tyson raised nine discrete claims, inclusive of numerous sub-claims, which he asserts entitle him to relief.[2]  On December 21, 2017, the court entered the routine order in habeas cases, which directed the Clerk of the Court to serve the petition on the Respondent and established deadlines for the Respondent to file the State Court Record and his Answer.  (Doc. # 11.)  Respondent filed the State Court Record on February 5, 2018 (Doc. # 18) and filed his answer to the petition on April 16, 2018.  (Doc. # 23.)  On Tyson's motion, he was granted leave to file a reply to Respondent's answer (Doc. # 26), which he timely filed on July 16, 2018.  (Doc. # 27.)  On August 5, 2019, more than one year after Tyson filed the reply, Respondent filed a Motion to Strike New Issues Raised in Petitioner's Reply Brief.  (Doc. # 35.)  Tyson has responded to the motion (Doc. # 38), and it is ripe for review.  Respondent's motion to strike is due to be denied.

## II.  RESPONDENT'S MOTION TO STRIKE REPLY BRIEF

Respondent requests the court to strike Tyson's reply brief to the extent that it raises new claims not contained in his habeas petition.  Alternatively, Respondent requests leave to file a sur-reply to address the new claims contained in the reply

---

[2]  Tyson reiterated the same claims and sub-claims in his amended petition.  (Doc. # 9.)

brief.  Respondent argues that Tyson's amended habeas petition is deficient because it failed to note that the claims are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA)[3] and federal caselaw developed after its enactment. Respondent argues that Tyson's attempt to correct this deficiency in a reply brief comes too little and too late, requiring that this new language be stricken.

Tyson counters that his reply is a proper response to Respondent's answer, noting that the Rules Governing Habeas Corpus Cases Under Section 2254 specifically contemplate that federal habeas petitioners will be provided an opportunity to "submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  Rule 5(e), Rules Governing Habeas Corpus Cases Under Section 2254.  Consistent with this rule, the Eleventh Circuit has recognized the

---

[3] In relevant part, Respondent's Answer states:

> In fact, there is no mention of AEDPA in Tyson's petition whatsoever or the standards of review it requires.  Instead, Tyson presents the issue as if the proper standard of review is de novo, when AEDPA actually requires tremendous deference.  Most of Tyson's petition is copied and pasted directly from his Rule 32 petition.  He makes no attempt to address the holdings by the Rule 32 circuit court or Alabama Court of Criminal Appeals or even acknowledge their existence.  Because Tyson fails to allege in his habeas petition that the Alabama courts decided these claims in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court, this Court should deny relief on these claims.

(Doc. # 23 at 15-16.)

importance of providing habeas petitioners with "an opportunity to respond to the State's answer" with respect to both procedural and merits arguments raised by the State, reasoning that petitioners must have "a meaningful opportunity to . . . explain to the District Court why the State's position [in its answer] is wrong" and therefore must be provided with "the tools necessary to respond to all of the State's arguments."  *Rodriguez v. Fla. Dep't of Corrs.*, 748 F.3d 1073, 1080 (11th Cir. 2014).  Tyson submits that the reasoning in *Rodriguez* permits § 2254 petitioners to respond to the arguments the State raises in its answer and that his reply contains that response; thus, his reply is permitted by Rule 5(e) of the Rules Governing Habeas Corpus Cases Under Section 2254.

As to Respondent's motion to strike the reply brief "to the extent that it raises new claims not contained in his habeas petition" (Doc. # 35 at 1), Tyson contends that his reply raises no new claims and that it contains the same claims raised in the petition, reiterating that his reply responds to Respondent's answer.  Additionally, Tyson submits that Respondent's motion to strike should be denied because it is untimely and because Respondent failed to identify the text that he seeks to strike.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  While such motions are generally disfavored, the court has

discretion to grant them where the allegations have "no possible relation to the controversy and may cause prejudice to one of the parties." *Loucks v. Shorest, LLC*, 282 F.R.D. 637, 638 (M.D. Ala. 2012) (internal quotation marks omitted) (quoting *Augustus v. Bd. of Public Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Smith v. Liquid Transport Corp.*, No. CV 17-00191-CC-B, 2018 WL 1163455, at *5 (S.D. Ala. Feb. 15, 2018) ("Motions to strike are generally viewed with disfavor and are often considered time wasters.") (quoting *TracFone Wireless, Inc. v. Zip Wireless Prod., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010); *Stewart v. Argos Ready Mix, LLC*, No. 3:16-cv-356-MHT-WC, 2016 WL 7238915, at *3 n.3 (M.D. Ala. Nov. 1, 2016) ("If there is a doubt as to the utility of the paragraphs in question, the doubt is resolved against the Rule 12(f) movant."); *Weekes-Walker v. Macon Cty. Greyhound Park, Inc.*, 877 F. Supp. 2d 1192, 1211 (M.D. Ala. 2012) (noting that Rule 12(f) motions to strike are an "extreme and disfavored measure" that are infrequently granted) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)).

## IV.  DISCUSSION

### A.    Respondent's motion is untimely.

With the filing of Tyson's reply to Respondent's answer to his petition, the briefing was complete; no response was allowed.  Thus, Respondent had twenty-one days after being served with Tyson's reply in which to file a motion to strike.  *See*

Fed. R. Civ. P. 12(f)(2) (motion to strike must be filed "within twenty-one days after being served with the pleading").  Tyson filed his reply on July 16, 2018.  (Doc. # 27.)  Respondent filed the motion to strike on August 5, 2019 (Doc. # 35), *more than a year after the reply was filed* and almost one year past the 21-day deadline established by Rule 12(f).

Federal district courts in Alabama routinely deny motions to strike that are less tardy than Respondent's motion.  *See, e.g.*, *Arnold v. Bayview Loan Servicing, LLC*, No. CV 14-0543-WS-C, 2016 WL 375154, at *8 (S.D. Ala. Jan. 29, 2016) (denying a motion to strike filed ten months after the relevant pleading, even though the motion correctly identified a "pleading deficiency"); *McCall v. Houston Cty.*, No. 1:11-cv-559-MHT, 2014 WL 2949291, at *1–2 (M.D. Ala. June 30, 2014) (denying as "tardy and inattentive" a motion to strike filed two and a half months after the relevant pleading); *Barna Conshipping, S.L. v. 1,800 Metric Tons, more or less, of Abandoned Steel*, No. Civ. A. 09-0027-KD-C, 2009 WL 1211334, at *2 (S.D. Ala. May 4, 2009) (denying a motion to strike filed 32 days after service of the relevant pleading); *Guarino v. Auburn Univ.*, No. 3:09-cv-0080-MEF, 2009 WL 3379696, at *2 & n.2 (M.D. Ala. Oct. 20, 2009) (denying as untimely a motion to strike filed 127 days after the relevant pleading).  Moreover, the Respondent has not demonstrated how it is prejudiced by the reply.  *See Loucks,* 282 F.R.D. at 638.

6

Thus, Respondent's motion to strike is due to be denied because it is untimely.

**B.      Respondent failed to identify the reply language to be stricken.**

Respondent's motion requests the court to strike the reply "to the extent that it raises new issues that appeared nowhere in his habeas petition."  (Doc. # 35 at 1.) However, Respondent does not identify the language in Tyson's reply that he requests be stricken.  Given the lack of specifics in Respondent's motion, the court is left to speculate as to which portions of Tyson's 207-page reply Respondent believes to be objectionable.

Consequently, Respondent's motion to strike is due to be denied because Respondent failed to identify the language to be stricken.

**C.      The standard of review is not a mandatory pleading requirement in a § 2254 petition.**

Tyson's federal habeas petition did not contain the standard of review.[4]

Federal Habeas Rule 2(c) establishes the pleading requirements a petition must meet.

_____

[4] Tyson included the standard of review in his reply.  In brief, this action is governed by 28 U.S.C. § 2254, as amended by the AEDPA, 28 U.S.C. §§ 2241, *et seq.  See Guzman v. Sec'y, Dep't of Corrs.*, 663 F.3d 1336, 1345 (11th Cir. 2011).  Under the AEDPA, a writ of habeas corpus may be granted when a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  Section 2254(d) provides that if a federal claim has been adjudicated on the merits by a state court, a writ of habeas corpus is available only if the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Specifically, a petition must: "(1) specify all the grounds for relief available to the petitioner; (2) state the specific facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Rule 2(c), Rules Governing Habeas Corpus Cases Under Section 2254.  Because this rule does not require a petition to contain the applicable standard of review, Tyson's omission of the standard in his petition is not fatal, as Respondent's motion to strike suggests.  Moreover, since Tyson filed his petition after the AEDPA's enactment, the court is cognizant that his petition is governed by 28 U.S.C. § 2254, as amended by the AEDPA.

**D.     Tyson's Reply complies with Federal Habeas Rule 5(e).**

Tyson obtained leave pursuant to Rule 5(e) of the Rules Governing Habeas Corpus Cases Under Section 2254 to file a reply to Respondent's answer.  (Doc. # 23.)  Given that Tyson filed a 139-page petition and that Respondent filed a 179-page answer, the length of his reply is not surprising.  Indeed, Tyson filed a 207-page reply (Doc. # 27), which responds to the arguments in Respondent's answer.

---

Under § 2254, a federal court need not defer to a state court decision on a claim when:  (1) the state court did not adjudicate the claim on the merits; or (2) the state court decision (a) is contrary to law, (b) involved an unreasonable application of law, or (c) is based on an unreasonable determination of the facts.  § 2254(d).

Tyson's reply includes an extensive section devoted to the applicable standard

of review under 28 U.S.C. § 2254, as amended by the AEDPA, and federal caselaw

developed after the AEDPA's enactment.  Tyson's reply also responds to the other

arguments Respondent raised in the answer, all as permitted by Rule 5(e) of the

Rules Governing Habeas Corpus Cases Under Section 2254.

**E.      Tyson's Reply raises no new claims.**

Respondent contends that Tyson's reply brief "to the extent it raises new

issues that appeared nowhere in his habeas petition" should be stricken because new

issues are unauthorized in a reply.  (Doc. # 35 at 1); *cf. United States v. Britt*, 437

F.3d 1102, 1104 (11th Cir. 2006) ("Parties must submit all issues on appeal in their

initial briefs.") (citation omitted).  Respondent is correct that, generally, a party is

prohibited from raising a new issue in a reply brief before a reviewing court.

However, Tyson's reply raises no new issues; it reiterates the issues raised in the

habeas petition, and it presents stronger arguments to support these issues.

The reply appears to contain a new claim because Tyson prefaces the claims

raised in the petition with an overarching section that applies to all original claims,

which were reordered after the new section.[5]  This section is not a new, stand-alone

---

[5]   This section is entitled:  "I.   THE IRREGULAR APPLICATION OF STATE
PROCEDURAL RULES BY THE ALABAMA CRIMINAL COURT OF APPEALS DOES NOT
PRECLUDE THE REVIEW OF MR. TYSON'S CLAIMS IN THIS COURT."  (Doc. # 27 at 2.)

claim that challenges the legality of his conviction, such as trial court error, prosecutorial misconduct, juror misconduct, or ineffective assistance of trial counsel. Rather, it contains argument, applicable to all nine claims in the petition, Tyson makes in reply to Respondent's answer.

Consequently, Respondent's contention that Tyson raises new issues in his reply is unpersuasive. Tyson elaborates on the arguments made to support the issues raised in the petition, and he incorporates federal caselaw that was not contained in his petition. However, enhancing an argument previously made to further support an issue in response to Respondent's answer does not raise a new issue.

**F.      Tyson's Reply is better characterized as an amended petition.**

Tyson's 207-page reply multi-tasks. While responding to Respondent's answer, it also refines the claims raised in his amended petition. Additionally, the reply is comprehensive and could serve as a free-standing habeas petition; thus, it is better viewed as an amended petition than as a reply. However, prior to filing his reply, Tyson did not seek leave to file a second amended petition.

Respondent's motion to strike states: "Tyson's reply brief is, in essence, an amended habeas petition, which he did not seek leave to file, and this Court should decline to consider its new arguments." (Doc. # 35 at 2.) Alternatively, Respondent requests an opportunity to file a sur-reply, if the court were to consider the new

arguments without requiring Tyson to seek leave to amend the petition.[6] (*Id.* at 7.)

Rebutting Respondent's motion to strike, Tyson urges that because the arguments in

his reply were made in response to the arguments in Respondent's answer, they

should not be stricken.  However, Tyson further states:  "In the alternative, if this

Court determines that any of the points included in [his] reply should instead be

included in his petition, [he] requests . . . leave to file an amended petition including

any such points."  (Doc. # 38 at 6.)

Because Tyson's reply is better characterized as an amended petition, the

court construes it as such.  For this reason, pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure,  Tyson's request for leave to file a second amended petition

will be granted.  Based upon the reply's construction as an amended petition, to

clarify the record, Tyson will be directed to re-file his reply (Doc. # 27) and to

caption it as a Second Amended Petition.  A briefing schedule will establish a

timeframe for Respondent to file an answer and for Tyson to file a reply to

Respondent's response.

---

[6] Tyson has no objection to Respondent's request for leave to file a sur-reply, contending that Respondent could not possibly be prejudiced by his reply if Respondent is authorized to file a sur-reply.  However, Tyson requests that, if Respondent is permitted to file a sur-reply, then he be afforded the opportunity to file a brief in response to any new arguments Respondent may make therein.  (Doc. # 38 at 10.)

**G.     The arguments in Tyson's reply relate back to original petition.**

Respondent contends that even if Tyson's reply were construed as an amended petition, the court should not consider his new arguments because they do not relate back to his initial petition and are time-barred.  Countering this argument, Tyson reiterates that his reply raises no new claims or new grounds for relief and that it is simply his response to Respondent's arguments in the answer.

As explained above in Section IV.E., Tyson's reply raises no new claims; it hones arguments made in support of the nine claims raised in the petition, but these arguments are not new claims.  Simply put, better arguments in support of claims previously made are not new claims.  Because Tyson's reply raises no new claims, his reply arguments relate back to the original petition.

## V.  CONCLUSION

For the reasons stated above, it is ORDERED that:

1.  Respondent's Motion to Strike New Issues Raised in Petitioner's Reply Brief  (Doc. # 35) is DENIED.

2.  Tyson's request for leave to file an amended petition (Doc. # 38 at 6) is GRANTED.

3.  **On or before June 15, 2020**, Tyson is directed to re-file his Reply (Doc. # 27) and to caption it as a Second Amended Petition.

4.   **On or before July 15, 2020**, Respondent shall file his answer or other responsive pleading to Petitioner's Second Amended Petition.  Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254 or, if appropriate, Rule 12 of the Federal Rules of Civil Procedure.  Respondent shall serve Petitioner's counsel of record with a copy of the answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the Federal Rules of Civil Procedure.

5.   Respondent shall clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies regarding each of the grounds for federal habeas corpus relief set forth in Petitioner's pleadings filed herein as of this date.  If Respondent denies that Petitioner has exhausted available state remedies regarding each ground for federal habeas relief set forth in Petitioner's pleadings, Respondent shall explain, in detail, those state remedies still available to Petitioner regarding each unexhausted claim.  If Respondent wishes to assert the defense that Petitioner has procedurally defaulted on any claim for relief contained in Petitioner's Second Amended Petition, Respondent shall explicitly assert that defense and identify with specificity which of Petitioner's claims Respondent contends are procedurally barred from consideration by this court.

6.   **On or before thirty days after the date Respondent files his answer or other responsive pleading**, Respondent shall submit to the Clerk of the Court true

and correct copies of all pertinent state court records from Petitioner's state court proceedings, *including copies of any and all still-available juror questionnaires completed by Petitioner's jury venire members* (consideration of which is necessary in order to resolve Petitioner's *Batson* claim).

7. **On or before thirty days after Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading**, pursuant to Rule 5(e) of the Rules Governing Habeas Corpus Cases Under Section 2254, Petitioner shall file with the Clerk of the Court any reply Petitioner wishes to make to Respondent's answer or other responsive pleading.

8. Any party seeking an extension of the foregoing deadlines shall file a written motion requesting an extension prior to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

9. This action is referred to United States Magistrate Judge Jerusha T. Adams for all procedural and discovery matters that may arise herein.

DONE this 29th day of May, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE