IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY TYSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 3:17-CV-719-WKW |
| | ) |
| JEFFERSON S. DUNN, Comm'r, | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

On October 20, 2017, Petitioner Anthony Tyson, a death-sentenced inmate in the custody of the Alabama Department of Corrections, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. He challenges his conviction in the Macon County Circuit Court for the capital murders of Derek Cowan and Damien Thompson in 1997, and the death sentence he received in 1998. (Doc. # 1.) Tyson brings this action against Jefferson S. Dunn, the Commissioner of the Alabama Department of Corrections ("the State"), alleging that his conviction and death sentence were obtained in violation of his rights under the United States Constitution.

For the reasons detailed in its May 29, 2020 Order, the court (1) construed Tyson's reply (Doc. # 27) to the State's answer (Doc. # 23) as an amended petition;

(2) granted Tyson's request for leave to file an amended petition; (3) directed Tyson to re-file his reply and to caption it as a second amended petition; (4) established June 15, 2020, as the deadline for Tyson to file his second amended petition; and (5) set July 15, 2020, as the deadline for the State to file its responsive pleading, with copies of the state court proceedings relative to Tyson's *Batson* claim to be filed thirty days later. Tyson timely filed his second amended petition on June 15, 2020. (Doc. # 40.) However, the State did not file a responsive pleading or the state court proceedings concerning Tyson's *Batson* claim by the court-ordered deadlines.

On September 15, 2020, Tyson moved the court to order the State to show cause for its failure to comply with the May 29, 2020 Order. (Doc. # 41.) On September 16, 2020, the State responded to Tyson's motion and moved for an extension of time, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, until October 16, 2020, to comply with the May 29, 2020 Order. (Doc. # 43.) On September 17, 2020, Tyson filed a reply. (Doc. # 44.) On October 16, 2020, the State filed a Motion to Accept Answer as Timely Filed (Doc. # 45) and submitted its Response to Tyson's Second Amended Habeas Petition. (Doc. # 46.)

Tyson's motion to order the State to show cause is due to be granted. However, because the State has demonstrated excusable neglect for its failure to comply with the May 29, 2020 Order, the State's motion for an extension of time is due to be granted.

## II.  BACKGROUND

**A.      <u>Tyson's Motion to Require the State to Show Cause</u>**

Tyson's motion tracks the procedural history of this case and points out the State's failure to comply with the deadlines in the May 29, 2020 Order. Tyson requests an order directing the State to show cause for its deficiencies and further requests a default judgment granting the relief requested in the habeas petition if the State failed to show cause. (Doc. # 41.)

On September 16, 2020, the day after Tyson's motion was filed, the State responded and described a series of events that resulted in its failure to comply with its filing deadlines in the May 29, 2020 Order. The State explains:

> 3. All litigation in cases in which the death penalty was imposed are handled by the Capital Litigation Division of the Alabama Attorney General's Office.  Prior counsel for Respondent, Assistant Attorney General John Selden, left the Capital Litigation Division prior to this Court's May 29, 2020, order. Ordinarily, in such instances, service would continue to be received by the docketing clerk for the Capital Litigation Division. However, through an apparent administrative error, filings in this matter were also reassigned. Consequently, the Capital Litigation Division's docketing clerk did not receive, docket, or calendar this Court's order, the subsequent Amended Petition, or Petitioner's motion, and none of these documents were entered into the Attorney General's Office's case management system. Additionally, due to the COVID-19 situation in Alabama, and particularly in the city of Montgomery, many Alabama Attorney General personnel have been working remotely. This has further inhibited effective communication among office personnel.
>
> 4. Yesterday afternoon, undersigned counsel was made aware of Petitioner's motion (Doc. 41), immediately began

> attempting to determine what had happened, and consequently learned of the prior actions in this matter. Earlier today, undersigned counsel entered a notice of appearance in this matter (Doc. 42) and will be responsible for representing Respondent going forward.

(Doc. # 43 at 2–3.)

The State contends that the sanctions Tyson proposes are excessive and unwarranted, and the State submits that its "failure to comply with the July 15 deadline was due to excusable neglect caused by miscommunication and clerical error, compounded by an unprecedented COVID-19 pandemic situation that impeded administrative efficiency and communication." (Doc. # 43 at 4–5.)

In reply, Tyson avers that the State's response is insufficient to excuse its failure to comply with the May 29, 2020 Order and that regardless of its explanation, the State should be sanctioned for its noncompliance.

### B.     The State's Rule 6(b)(1)(B) Motion for Extension of Time

Federal Rule of Civil Procedure 6(b)(1) provides in part that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The State has moved for a thirty-day extension to comply with the May 29, 2020 Order. The State argues that it has shown excusable neglect for its failure to meet the filing deadlines. Tyson counters that the State's neglect is not excusable.

4

## III.  DISCUSSION

When the government fails to timely comply with a court's order to file a response in a habeas proceeding, "the appropriate procedure is to issue an order to show cause, and if appropriate impose a proper sanction."  *Sparrow v. United States*, 174 F.R.D. 491, 493 (D. Utah 1997); *see also Harris v. United States*, No. CIV.A. 09-00671-WS, 2011 WL 5597281, at *1 n.1 (S.D. Ala. May 12) (noting that "default judgments are inappropriate in habeas corpus cases"), *report and recommendation adopted*, No. CIV.A. 09-00671-WS, 2011 WL 5597263 (S.D. Ala. Nov. 17, 2011); *Rivero v. McDaniel*, No. 3:09CV00284LRHVPC, 2009 WL 3464841, at *1 (D. Nev. Oct. 27, 2009) ("Default judgments are disfavored in habeas corpus cases and petitioner is not entitled to a default judgment merely because respondents have failed to file an answer or other response.").

Tyson requests a default judgment against the State as a sanction for its violation of the May 29, 2020 Order.  At a minimum, Tyson proposes that the court should require the State to stand on its previously filed answer (Doc. # 23) and to submit the state court records relevant to Tyson's *Batson* claim in an expedited manner.  In support of his request for sanctions, Tyson relies on several cases from other jurisdictions.  In *Ruiz v. Cady*, 660 F.2d 337 (7th Cir. 1981), for example, the Seventh Circuit reversed a default judgment entered against the state in a habeas case and proposed alternative, lesser sanctions, such as notifying the state attorney

general that future "requests for extension would be routinely denied," "shorten[ing] the normal briefing schedule," or "disciplin[ing] counsel or institut[ing] contempt proceedings against counsel for the state." *Id.* at 341 (alterations added); *see also U.S. ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) (finding that an appropriate approach to a state's failure to file an answer would be for "the district court [to] proceed to consider the petition as if a return had been properly made," or "to censure the staff of the [state] and to refuse to consider the tardy return"); *Wilkerson v. Jones*, 211 F. Supp. 2d 856, 860 (E.D. Mich. 2002) (finding that counsel for the state had a "consistent pattern of waiting until after the deadline to file an answer has passed before seeking an additional four months within which to file an answer"); *Beall v. Cockrell*, 174 F. Supp. 2d 512, 518 (N.D. Tex. 2001) (precluding an untimely response where the attorney had direct knowledge of the filing requirement and had communicated with the court about it, but nevertheless "failed to comply with two court orders"); *Curtis v. Perini*, 301 F. Supp. 444, 445 (N.D. Ohio 1968) (refusing to consider the state's answer in a habeas case where a brief was filed "several days after the date given" for its filing).

As the State points out, this case stands in sharp contrast to the cases on which Tyson relies to support his request for sanctions. For instance, in *Beall v. Cockrell, supra*, the state had repeatedly failed to comply with the court's orders, whereas here, the State's failure to comply with a court order has occurred just once.

Likewise, the present action is distinguishable from the pattern of delay in *Wilkerson v. Jones*. *See* 211 F. Supp. 2d at 860. In this case and in other habeas cases pending in this court, the State has not exhibited a pattern of waiting until a deadline has passed before seeking relief.

The State's explanation for its failure to comply demonstrates that the State did not deliberately flout the Scheduling Order deadlines. Instead, it appears that a combination of events[1] and administrative and/or clerical errors occurring within the Alabama Attorney General's Office resulted in the Scheduling Order not being logged into its case management system. Essentially, the Order became lost in the system through a series of unrelated events and circumstances.

The State points out that it was not until Tyson filed the motion for a show case order that it became aware of its failure to comply with the May 29, 2020 Order and of the missed filing deadlines. But when the State learned of its noncompliance, the State promptly rectified it. The next day (1) the State's present counsel entered a Notice of Appearance; (2) the State responded to Tyson's motion for a show cause

---

[1] The State's present counsel, Richard D. Anderson, advises that the State's prior counsel in this case, John Selden, left the Capital Litigation Division of the Attorney General's Office prior to the entry of the May 29, 2020 Order. For reasons unknown, upon his departure from the Capital Litigation Division, Mr. Selden did not move to withdraw as the State's counsel in this case. Currently, he remains as counsel of record, along with Assistant Attorney General Richard D. Anderson, who entered his appearance on September 16, 2020. (Doc. # 42.)

order; and (3) it moved for an extension of time, pursuant to Rule 6(b)(1)(B), to comply with the May 29, 2020 Order.

Given the combination of events resulting in the State's failure to comply with the Scheduling Order and because this is the first time in this case that the State has failed to comply with a court order, sanctions will not be imposed against the State for this infraction. The present situation calls to mind the familiar phrase, "to err is human, to forgive divine." Alexander Pope, *An Essay on Criticism* (1711).

## IV.  CONCLUSION

For the reasons stated above, it is ORDERED that:

1. Petitioner Tyson's Motion to Require the State to Show Cause for Failing to Comply with the Court's Scheduling Order (Doc. # 41) is GRANTED.

2. The State's response to Petitioner's motion (Doc. # 43) demonstrates excusable neglect for its failure to comply with the Scheduling Order.

3. The State's Motion for an Extension Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure to file an Answer to Tyson's Second Amended Petition (Doc. # 43) is GRANTED.

4. The State's Motion to Accept Answer as Timely Filed (Doc. # 45) is GRANTED.

5. The State's Answer to Second Amended Petition for Writ of Habeas Corpus (Doc. # 46) is DEEMED properly filed.

6. Tyson's Motion to Strike the State's Answer (Doc. # 47) is DENIED.

7. **On or before November 23, 2020**, the State shall submit to the Clerk of the Court true and correct copies of all pertinent state court records from Petitioner's state court proceedings, *including copies of any and all still-available juror questionnaires completed by Petitioner's jury venire members* (consideration of which is necessary in order to resolve Petitioner's *Batson* claim);

8. **On or before November 23, 2020,** pursuant to Federal Habeas Rule 5(e), Petitioner may file a reply to the State's answer;

9. Any party seeking an extension of the foregoing deadlines must file a motion prior to the expiration of the deadline and must set forth detailed reasons why that party, despite the exercise of due diligence and in consideration of the passage of time, cannot comply with the deadline.

DONE this 4th day of November, 2020.

                                        /s/ W. Keith Watkins
                             UNITED STATES DISTRICT JUDGE